# Tholey's Appeal.

1. Where the testimony of one of the parties to an alleged contract of marriage shows that there was no contract by words *in præsenti*, all other evidence on the subject is of no importance.

2. An alleged wife testified that decedent had said to her privately, and in the absence of witnesses, " he will claim her as his wife and take care of her and the children." She admitted, however, both before and after the death of decedent that she had not been married to him. *Held*, that this was no contract of marriage.

January 28th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Appeal from the Orphans' Court of *Philadelphia county*: Of July Term 1879, No 162.

Appeal of Emma Tholey from the decree of the court sustaining the appeal of Mary Geiger from the decision of the register of wills in the matter of the estate of Philip J. Tholey, deceased.

The decedent died January 7th 1879, and letters of administration were granted by the register two days subsequently unto

[Tholey's Appeal.]

Mary Geiger, a cousin of decedent.　On January 11th 1879, a petition was presented to the register by one Emma Tholey, setting forth that she was the lawful wife of the decedent in his lifetime, and is now his lawful widow, and, as such, entitled by law to administer upon his estate; that letters of administration thereon had been improvidently granted to said Mary Geiger, and therefore prayed that said letters be revoked, and letters of administration granted unto her, the petitioner.　After a hearing before the register, the letters granted to said Mary Geiger were revoked, and new letters of administration granted to the alleged widow of the decedent.

Upon appeal the Orphans' Court, Hanna, P. J., delivering the opinion, said : " We have carefully examined and considered the testimony taken under the appeal, and from that of the person claiming to be the widow alone, it clearly appears that no marriage contract was ever entered into between herself and the decedent. She admits that no actual marriage ever took place, but rests her claim upon decedent's declarations made to her privately, and in the absence of witnesses, about three years prior to his death, that ' he will claim me as his wife, take care of me and the children.' The claimant also, before the death of decedent and afterward to a number of witnesses, admitted that she was not his widow, and had never been married to him.　That a meretricious relation existed between the parties cannot now be doubted, although it was unknown to the relatives and friends of the decedent, who were under the belief that the claimant was his landlady or housekeeper, and although he at times spoke of and introduced her as his wife, and at other times denied that he was married, and he supported her and her children by a deceased husband, yet in view of the declarations and admissions of the claimant, which were against her interest, and therefore must be taken as true, we can arrive at no other conclusion than that no such marriage as can be recognised by the law existed between decedent and her who now claims as his widow.

" The appeal is therefore sustained, the letters of administration granted to said Emma Tholey revoked, and the register is directed to issue new letters to the appellant."

From this decree this appeal was taken.

*George W. Wollaston,* for appellant.—The alleged wife is a competent witness to prove the contract of marriage.　And it may be shown by the acts, declaration and confession of the parties: Guardians of the Poor *v.* Nathans, 2 Brewst. 149; Physick's Estate, 2 Id. 179.

*Herm. B. Van Trouk,* for appellee.

[Tholey's Appeal.]

The judgment of the Supreme Court was entered February 24th 1880,

PER CURIAM.—In civil cases, reputation and cohabitation are admitted as evidence of an actual marriage, not as constituting themselves a legal marriage. If it were not so, there would be no reason for the recognised distinction between civil and criminal cases. The admissions of the defendant even in a criminal case, are admissible to prove an actual marriage. When, however, we have the testimony of one of the parties as to the terms of the contract, and that shows that there was no contract by words *in presenti*, all other evidence on the subject is of no importance. Here the appellant testified, that the decedent had said to her privately, and in the absence of witnesses, "he will claim me as his wife, take care of me and the children." This certainly was no contract of marriage. Bicking's Appeal, 2 Brewst. 202, was a case quite as strong as this of cohabitation, partial report, conduct and admissions of the man, and yet it was not held by this court sufficient to establish a marriage. We are of opinion, that upon the evidence, the decree of the learned court below was right.

Decree affirmed and appeal dismissed at the costs of the appellant.