## Charles Durning v. John Hastings, Appellant.

*Husband and wife—Alienation of wife's affections—Proof of marriage—Crim. Con.*

In an action to recover damages for the alienation of a wife's affections the marriage of the plaintiff and his wife must be established as a fact, but absolute proof is not required; cohabitation, reputation and general surroundings indicating the reasonable probability of the conclusion that the parties were married are recognized as being sufficient evidence to establish that fact.

Argued Oct. 26, 1897. Appeal, No. 62, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny County, Dec. T., 1895, No. 294, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for crim. con. Before STOWE, P. J.

The facts appear by the charge of the court which was as follows:

[The first question for you to determine is, whether or not you believe the plaintiff, and the woman, who is alleged to be his wife, were actually married. I presume, upon that subject, you have very little, if any, doubt that the Reverend Mr. Lea did marry a woman and a man with the same names, the names borne by the plaintiff and the plaintiff's so-called wife. Those people were recognized in the community as being married, they lived together for years and had children, and that, perhaps, will be entirely sufficient to satisfy the jury of the marriage. If it required actual proof of marriage between a man and a woman, it would be a very difficult thing for most of us, particularly very old people, and more particularly people coming from another country, where they were married, to produce evidence that would clearly and unquestionably establish the fact. Therefore, cohabitation, reputation and general surroundings that indicate the reasonable probability of the conclusion that the parties were married are recognized as being sufficient evidence to establish that fact.] [1]

Assuming that they were married, the controlling question

in this case is, whether you believe the defendant had illicit intercourse with the plaintiff's wife. The evidence showing the plaintiff's relations with his wife before this seduction, is to be considered by the jury, because the main purpose of an action of this kind is to compensate the plaintiff for the value of the wife to him, and that depends upon the family relations, their love and affection for each other, their manner of life. If a man and wife were living together like many do, in disagreement and difference, even refusing to cohabit, though occupying the same house, wrangling and jangling, of course in a case of that kind a wife's value would be much less to him than if they were lovable, affectionate and congenial, and living in harmony. The testimony upon that question is for you, and to be considered as it bears upon the question of damages. But before you can find a verdict for the plaintiff, you must be satisfied fairly from the testimony, not by direct and specific proof, that these parties had illicit intercourse, but by evidence that fairly, reasonably and naturally points to the conclusion that they have had illicit intercourse with each other. And that you are to determine from the testimony in the case. It is said they were found together in private, sometimes perhaps in bedrooms, and other places. [After the wife left home, it is alleged they were together in Altoona, and were there under such circumstances as, if it did not actually lead to the conclusion of illicit intercourse, might reasonably justify the jury in inferring that fact.] [2] But that is a matter for the jury, and before the jury can find a verdict at all for the plaintiff, they must be satisfied, not simply that the plaintiff's wife was very much in love with the defendant, but that it went to the extent of resulting in their having illicit intercourse and a breach of her marriage vows. If you come to that conclusion, then it is no defense that she may have been, if the evidence justifies it, the seducing party. It is no difference for a man who debauches another man's wife that the wife herself may have been the seducer. The law is not based upon any such principle. It does go, and ought to go very seriously to the question of damages, but it is no excuse to a husband and no comfort to him that his wife may have been the means of her own debauchery through the interference of somebody else. A higher measure is required of the man, and he has no business to allow himself to be se-

duced. If he does—and often it is the case, undoubtedly, that women have seduced men, but if so, he must stand responsible for the consequences, and therefore it is no actual justification.

But when it comes to a question of damages, when you are to say what the plaintiff has suffered by reason of the loss of his wife, in that point of view it should be seriously considered by the jury upon the question of the value of that sort of a wife. But that is not the only matter to be considered. There is the degradation that naturally follows a wife's debauchery, and the misery and discomfort connected with it. That is to be considered by the jury, and for those matters you are to allow a reasonable and fair compensation. Well, compensation in the strict sense of the word may not be exactly what can be given. That is to say, you cannot pay a man in dollars and cents for the amount of suffering and misery and degradation, but it is the only rule we have in court. Dollars are the subject of controversy here, and dollars are what are asked. When we come to measure it by that, the jury are to consider what would be a fair compensation for the degradation and misery, for the loss of services and enjoyment and comfort of his home.

. As has been said by the Supreme Court, there is another element that may enter into it. It is not merely a question of compensation, but you may allow, in addition to whatever you may think a fair compensation for the man's injury done in that way, a certain other amount by way of penalty or punishment to the defendant for the wrong he has done, for the purpose of punishing him for the act done in this case—when I say this case, I do not mean to intimate that you ought to find a verdict for the plaintiff at all, but am referring to what was done in the case presented to the jury, and as an example, not only to him to prevent him from repeating a similar offense, but as an example to others to prevent them from offending in like cases.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* among others were (2, 3) above instructions quoting them.

*Levi Bird Duff*, with him *L. B. D. Reese*, for appellant, cited, 2 Greenleaf, sec. 461; Forney v. Hallacher, 8 S. & R. 159; Will on Circumstantial Evidence, 346–351.

*John P. Hunter*, for appellee was not heard, but cited in his printed brief, Forney v. Hallacher, 8 S. & R. 161; Thorndell v. Morrison, 25 Pa. 326.

PER CURIAM, November 8, 1897:

This record contains nothing that would justify us in sustaining either of the specifications of error. The case was ably and correctly tried. It was clearly for the jury on the questions of fact presented by the evidence, and was submitted to them with full and adequate instructions, of which the defendant has no just reason to complain.

Judgment affirmed.

---

| 183   213 |
| 25 SC 448 |

