## Joseph v. Naylor, Appellant.

*Trespass—Alienation of affections—Debauching of wife—Damages—Punitive damages—Presumption of malice—Pleading—Trials—Evidence—Improper remarks of witness—Remarks unprejudicial—Motion to withdraw juror—Refusal.*

1. As a general rule of pleading it is not necessary expressly to claim exemplary damages, it being sufficient if the facts alleged and the proofs be such as to warrant their assessment.

2. A husband may recover punitive damages for the debauching of his wife, not only by way of compensation to the plaintiff, but as a punishment to the defendant, for when a wrongful act is done intentionally, without just cause or excuse, malice is presumed.

3. The fact that a husband and wife may not be living together in perfect harmony when the latter's affections are alienated, does not affect the right of the former to recover in an action for the debauching of his wife and the alienating of her affections, although such circumstances may be considered in mitigation of damages.

4. In an action to recover for the debauching of plaintiff's wife and the alienation of her affections the refusal to withdraw a juror moved for because of certain immaterial and irrelevant remarks of plaintiff's wife while on the stand, was not reversible error where no objection was made to the remarks until the witness stopped a

long tirade, and the irrelevant and hearsay evidence was then ordered stricken out, and where no exception was taken to the ruling in refusing to withdraw a juror.

5. In such case where defendant admitted his illicit relations with plaintiff's wife but denied that he was afflicted with a venereal disease and was responsible for plaintiff's wife contracting same, as alleged by plaintiff, the trial judge did not commit an abuse of discretion in refusing defendant's motion for the withdrawal of a juror because of remarks of plaintiff's wife while on the stand that she had seriously wronged her husband "for something (meaning the defendant) that is half rotten" and "all I ask the court is to compel him to remove the bandages from his legs, and that will show you he is rotten," where prior to such offensive utterances the case was so thoroughly impregnated with the allegations of defendant's syphilitic condition, that the remarks did not have any material prejudicial effect upon the jury, especially where defendant's counsel had made no objection to the first admission of such evidence as to defendant's physical condition.

Argued March 23, 1917. Appeal, No. 392, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3089, on verdict for plaintiff in case of Luther Joseph v. Morris Naylor. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the debauching of plaintiff's wife and the alienation of her affections. Before BARRATT, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for the plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge to the jury, and in refusing to withdraw a juror.

*Henry J. Scott,* for appellant.—The trial judge erred in refusing to withdraw a juror.

Plaintiff was not entitled to recover exemplary damages: Philadelphia Traction Co. v. Orbann, 119 Pa. 37;

Wright v. Philadelphia Rapid Transit Co., 236 Pa. 132, and Adams v. Beaver Valley Traction Co., 41 Pa. Superior Ct. 403.

*John Reynolds,* for appellee.—Plaintiff was properly permitted to recover exemplary damages: Durning v. Hastings, 183 Pa. 210, and Cornelius v. Hambay, 150 Pa. 359.

OPINION BY MR. JUSTICE MOSCHZISKER, April 16, 1917:

Plaintiff, Luther Joseph, sued in trespass to recover damages for debauching his wife and alienating her affections; he obtained a verdict for $3,000, upon which judgment was entered, and the defendant has appealed.

We shall not go into the nasty details of the evidence further than to outline the facts essential to a proper consideration of the questions brought before us for determination. Plaintiff was married in 1891, and lived with his wife, in comparative happiness, for nearly twenty years; the latter met the defendant about February, 1911, and almost immediately they entered upon a course of marital infidelity; the wife thereupon became indifferent to her husband and treated him accordingly; although plaintiff's work took him away from the city for considerable periods, yet he always supported his spouse by generous allowances from his wages, and upon returning to his home, from time to time, occupied the same room with her; on these occasions, however, after becoming acquainted with the defendant, Mrs. Joseph failed to show affection for her husband and persistently refused him the rights of that relation; finally, in 1915, plaintiff discovered that his wife was suffering from a loathsome and destructive venereal disease, which she had contracted from the defendant, and forthwith left her, subsequently commencing the present action.

At trial, the defendant did not deny his illicit relations with plaintiff's wife; but contented himself with a denial of the allegation that he was afflicted with a venereal

disease or was responsible for the unclean condition of the latter. The several assignments of error are summarized in appellant's statement of the questions involved, under three heads: (1) Since punitive damages were not specially claimed and no express malice against the plaintiff was shown, was it proper to submit the question of such damages to the jury; (2) Did the court below err in refusing to withdraw a juror when the wife of the plaintiff, as a witness, interjected "irrelevant, immaterial matter and objectionable remarks"; (3) Was like error committed when plaintiff's wife, "after a vituperative attack on defendant, fainted on the witness stand and was removed therefrom by a nurse and doctor."

As a general rule of pleading, "it is not necessary to claim exemplary damages by name, it being sufficient if the facts alleged and the proofs be such as to warrant their assessment": 8 R. C. L., Sec. 169, p. 626. It is the settled rule in this State that a husband may recover punitive damages for the debauching of his wife, not only by way of compensation to the plaintiff, but as punishment of the defendant (Cornelius v. Hambay, 150 Pa. 359; Matheis v. Mazet, 164 Pa. 580); for, when a wrongful act is done intentionally, without just cause or excuse, malice is presumed: Barr v. Moore, 87 Pa. 385; see also Wirsing v. Smith, 222 Pa. 8, 16. The fact that a husband and wife may not be living in perfect harmony when the latter's affections are alienated, does not affect the right of the former to recover in an action such as the one at bar, although the circumstance may be considered in mitigation of damages: Durning v. Hastings, 183 Pa. 210. The authorities just cited are more than sufficient to dispose of appellant's first complaint; we may add, however, that all the issues properly involved in this case were submitted to the jury in a fair and correct charge.

The first assignment of error, covering the matters set forth in the second question involved, might well be dis-

missed by the mere statement that defendant took no exception to the ruling there brought into question; but it is only fair to note that no objection was entered to the "irrelevant, immaterial matter and objectionable remarks" now complained of, until the witness reached the end of a long tirade, whereas the trial judge states he would have stopped the testimony, had counsel asked him so to do, at any objectionable point. Moreover, it appears that a ruling was in fact made, striking from the record all the irrelevant and hearsay evidence referred to in the assignment now under consideration.

As to the complaints covered by the third question involved, the only matter therein which requires serious consideration is the further improper remark made by the plaintiff's wife, when upon the stand, to the effect that she had seriously wronged her husband "for something [meaning the defendant] that is half rotten," adding, "All I ask the court is to compel him [defendant] to remove the bandages from his legs, and that will show you he is rotten." At argument, we were impressed that this was such a serious breach, it must have proved prejudicial to the defendant, and that the incident imperatively called for the withdrawal of a juror. A careful reading of the entire body of the evidence, however, shows that, prior to the offensive utterances just quoted, the case was so thoroughly impregnated with the allegation that the defendant was and had for years been a diseased man, whose legs were sore with syphilis, that we do not now feel it at all likely the remarks in question had any material prejudicial effect upon the jury. The notes of testimony show that this element in the case—Mr. Naylor's alleged physical rottenness—was first introduced, without objection on the part of the latter, when counsel for the plaintiff proved by Mrs. Joseph her own diseased condition and that this was due to intercourse with the defendant. At that time this whole subject was gone into ad nauseam, and the witness testified that defendant had said she was not the first woman who accused

him of giving her syphilis; that he also informed her of the fact that he had serious trouble with his legs, due to that disease. The trial had been on for some time, and the plaintiff's wife made the objectionable remarks now before us when she was overwrought by a long, skillfully conducted cross-examination, which likewise may account for her condition when she left the stand; but, however that may be, under the peculiar circumstances at bar, we are not convinced the trial judge abused his discretion when he refused to withdraw a juror and continue the case.

The assignments of error are overruled and the judgment is affirmed.