# Eisenhard, Appellant, *v.* Schmoyer.

*Husband and wife—Alienation of wife's affections—Evidence.*

In an action by a husband to recover damages for the alienation of his wife's affections, it is incumbent upon the plaintiff to prove that defendant was the acting moving cause of the separation of his wife from him, and that defendant exercised an improper influence as a pursuer wilfully and with intent to deprive plaintiff of the society and affections of his wife.

In such a case the plaintiff is not entitled to recover where the evidence shows that defendant was the employer of plaintiff and boarded in his house; that while this relation existed plaintiff sold the house to defendant; that domestic friction developed between plaintiff and his wife, and defendant sided with the wife; that plaintiff several times expressed a desire that defendant should find another boarding house; that while defendant frequently went driving with the wife, they were always accompanied by her fourteen-year-old son, with one exception, and that was a trip to a near neighbor in daylight; that plaintiff moved out of the house pursuant to a notice to quit from defendant who had remarked that the wife and her children need not go if they did not want to; and that the wife refused to leave with her husband.

The acts of intimacy proven were not inconsistent with the relation of boarder, and the fact that the wife remained in defendant's house created no liability, unless it appeared that she did so because of an improper influence exercised by defendant in derogation of her husband's marital rights.

Argued Dec. 4, 1917. Appeal, No. 210, Oct. T., 1917, by plaintiff, from judgment of C. P. Lehigh Co., June T., 1916, No. 95, for defendant n. o. v. in case of George W. Eisenhard v. Morris W. Schmoyer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for alienation of wife's affections. Before GROMAN, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*Thos. F. Deifenderfer,* for appellant, cited: Sherwood v. Titman, 55 Pa. 77; Stewart v. Hagerty, 251 Pa. 603; Reading v. Gazzam, 200 Pa. 70.

*H. W. Schantz,* for appellee.—The plaintiff must prove that the defendant was wilfully the cause of the separation; that he acted deliberately and purposely in exerting the influence over Mrs. Eisenhard which caused her to withdraw her affections from her husband: Stewart v. Hagerty, 251 Pa. 603; Sherwood v. Titman, 55 Pa. 77; Keath v. Shiffer, 37 Pa. Superior Ct. 573; Garner v. Maderia, 2 Yates 466; Sahms v. Brown, 4 Pa. C. C. R. 488; Cornelious v. Hambray, 150 Pa. 359; Beisel v. Gerlach, 221 Pa. 232.

OPINION BY WILLIAMS, J., March 2, 1918:

In an action of trespass Eisenhard sought to recover from Schmoyer damages for the alienation of Mrs. Eisen-

hard's affections.  A nonsuit was refused.  Defendant offered no evidence.  The jury found for plaintiff and subsequently the court entered judgment for defendant n. o. v.

From the evidence the jury might have found the following facts:  July 31, 1911, defendant became a boarder in plaintiff's house.  Plaintiff was employed by defendant as foreman in his stone quarry.  In April, 1913, plaintiff sold his home to defendant.  Domestic friction developed and Schmoyer sided with the wife.  Plaintiff several times expressed a desire that Schmoyer should find another boarding house.  While Schmoyer frequently went driving with Mrs. Eisenhard, they were always accompanied by her fourteen-year-old son with one exception, and that was a trip to a near neighbor in daylight.  January 1, 1916, plaintiff moved out of the house pursuant to a notice to quit from Schmoyer, who had remarked that Mrs. Eisenhard and her children need not go if they did not want to.  Mrs. Eisenhard refused to leave with her husband.

It was incumbent upon plaintiff to prove that defendant was the active moving cause of the separation, and that he exercised an improper influence as a pursuer, wilfully and with intent to deprive plaintiff of the society and affection of his wife: Stewart v. Hagerty, 251 Pa. 603.  The acts of intimacy proven were not inconsistent with the relation of boarder, and the fact that the wife remained in defendant's house creates no liability, unless it appears that she did so because of an improper influence exercised by defendant in derogation of her husband's marital rights.

The judgment is affirmed.