## Spuhler v. Harbster.

*Husband and wife—Alienation of wife's affections—Statement—Essential averments.*

1. The statement of claim in an action of trespass to recover damages for alienation of the affections of plaintiff's wife need not aver that she has separated herself from the plaintiff or that the acts of the defendant have caused her to leave him.

2. The alienation of a wife's affections for which the law gives redress may be accomplished, notwithstanding her continual residence under her husband's roof, the reason being that the injury consists in the alienation of the wife's affections, with malice or improper motives, and the debauchery and the elopement, when they occur, are only the immediate consequences of the wrong.

3. In such a case, it is necessary for plaintiff's statement to aver that the defendant was the active moving cause of the loss of the wife's love and affection, and that he exercised an improper influence as a pursuer wilfully and with intent to deprive plaintiff of the society and affection of his wife.

*Practice, C. P.—Demurrer—Practice Act of 1915—Affidavit of defence— Questions of law.*

4. Demurrers are abolished by section 4 of the Practice Act of May 14, 1915, P. L. 483. Questions of law are required to be raised in the affidavit of defence, as provided by section 20 of the act.

Trespass for alienation of wife's affections. Affidavit of defence raising questions of law. C. P. Berks Co., Aug. T., 1926, No. 77.

*S. E. Bertolet,* for defendant.

*Frederick A. Marx* and *H. Seidel Throm,* for plaintiff.

STEVENS, J., Oct. 23, 1926.—To plaintiff's statement of claim in an action of trespass to recover damages from defendant for his alleged alienation of the affections of plaintiff's wife, an affidavit of defence and an amended affidavit of defence, both termed to be in lieu of demurrer, have been filed attacking the sufficiency in law of the statement, on the grounds (1) that it does not aver that plaintiff's wife has separated herself from him, nor that the acts of defendant have caused her to separate from him; and (2) that, taken as a whole, the statement does not show a cause of action.

Is a separation caused by defendant and actually consummated necessary to support an action such as this? We think not. There is good authority for the position that a husband may maintain an action against a person for the mere wrongful alienation of his wife's affections, though she was not debauched or enticed away, and that the alienation of a wife's affections for which the law gives redress may be accomplished, notwithstanding her continual residence under her husband's roof, the reason being that the injury consists in the alienation of the wife's affections, with malice or improper motives, and the debauchery and the elopement, when they occur, are only the immediate consequences of the wrong: 13 Ruling Case Law, 1467-68, par. 517; Foot v. Card, 58 Conn. 1, 18 Atl. Repr. 1027; 6 Ann. Cases, 663. There are cases upholding the contrary view: 14 Ann. Cases, 47. The former rule is recognized in 1 Cooley on Torts ((3rd ed.), 466-7, where the grounds of such an action are considered and one of them is stated as the total loss of the wife's services where she absconds from her husband, and probable diminished value of services where she does not. See, also, Heermance v. James, 47 Barb. 120. The former view finds support in our own cases. In Durning v. Hastings, 183 Pa. 210, 211, it is the wife's value that is to be compensated for. It is not the separation of which the alienation of affections may be only an aggravation, but the effect of defendant's conduct upon the value of the wife. In Gernerd v. Gernerd, 185 Pa. 233, 237, Bigelow on Torts, 153, is cited with approval as follows: "To entice away or corrupt the mind and affection of one's consort is a civil wrong for which the offender is liable to the injured husband or wife." A consideration of Reading v. Gazzam, 200 Pa. 70, leaves no doubt in our mind that a separation is but conclusive evidence of the loss of love and affection and is not a sine qua non in the case. The court, at page 110, says: "Finally, there was absolute abandonment, the conclusive evidence of the wife's loss of her husband's love and affection; and that this abandonment was not complete until after the institution of this suit cannot affect the plaintiff's right to recover for the alleged wrongs committed before, but can rather be justly regarded as the consummation of what the defendant intended to do and partially succeeded in accomplishing before she was sued." It is not the loss of the wife's physical presence in the house that alone is to be compensated for; it is the loss of her love, affection, aid, comfort, assistance, all embodied in the term consortium. It might just as well be argued that one who had suffered the loss of the affections of a wife, unable, by reason of physical disability, to render services, could not recover because one of the elements regarded as with the others making up the whole, which in the law is embodied in the term consortium, was lacking. The first ground of demurrer cannot be sustained.

The second ground of demurrer is that the statement of claim contains allegations which show nothing more than ordinary social amenities between defendant and plaintiff's wife, that the acts charged are not inconsistent with the relation of ordinary friendship. It is necessary to aver and prove that the defendant was the active moving cause of the loss of the wife's love and affection, and that he exercised an improper influence as a pursuer wilfully and with intent to deprive plaintiff of the society and affection of his wife: Eisenhard v. Schmoyer, 69 Pa. Superior Ct. 289, 291. An improper influence in derogation of plaintiff's marital rights must be averred. Defendant must have been the active inducing cause of the alienation of affections. He must deliberatively have influenced the withdrawal of the love, comfort and companionship: Stewart v. Hagerty, 251 Pa. 603. The wrongful motive or intention being necessary, it should be alleged in the complaint. There is no alle-

gation here that defendant acted wilfully, knowingly, wrongfully, unjustly, wickedly, maliciously, or with intent to injure, prejudice or hurt the plaintiff. In the light of the decisions, certain of these averments are necessary, and without any of them the statement is insufficient in law to show a cause of action.

The method of raising the questions here involved was by papers entitled "Affidavit of defence in lieu of a demurrer." Demurrers are abolished by section 4 of the Practice Act of May 14, 1915, P. L. 483, and questions of law heretofore raised by demurrer are required to be raised in the affidavit of defence, as provided by section 20 of the act, which provides for the raising of such questions without answering the averments of fact in the statement of claim. Treating the affidavits here as raising questions of law, we decide the first question of law against the defendant and the second against the plaintiff, with leave to the plaintiff to file an amended statement of claim within fifteen days, in accordance with the practice suggested in Levine v. Pittsburgh State Bank, 281 Pa. 477, 483.

And now, to wit, Oct. 23, 1926, the first question of law raised by the affidavit of defence is decided against the defendant, and the second question of law is decided against the plaintiff, and the prothonotary is directed to enter judgment for the defendant, unless the plaintiff shall, within fifteen days from this date, file an amended statement of claim.