## Commonwealth v. Bockes, Appellant.

Argued September 28, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John A. Berkey,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., November 20, 1931:

Appellant was convicted of adultery. The assignments of error are directed to two main questions: (1) Whether there was competent evidence that the defendant was a married man; (2) whether the charge of the court was adequate on the question of the marriage.

(1) There was no attempt to prove the defendant's marriage by any record, or by witnesses present at it. The wife was not even called to testify, though she lived in the county and was a competent witness

to prove the marriage: Act of May 23, 1887, P. L. 158, sec. 2 (b), as amended by Act of May 11, 1911, P. L. 269. The proof on the subject was confined to witnesses whose testimony that defendant was married, was based on knowledge of his cohabitation and reputation as a married man. When joined with the defendant's declaration or admission that he was married, this evidence has been held sufficient in a number of states to sustain a conviction of adultery or bigamy. See Warner v. Com., 2 Virginia Cases 95; Oneale v. Com., 17 Grattan (Va.) 582; Cook v. State, 11 Ga. 53; Williams v. State, 44 Ala. 24; Com. v. Jackson, 11 Bush (Ky.) 679; State v. Britton, 4 McCord (S. C.) 256; although in others a different rule has been adopted, largely in reliance on Lord MANSFIELD's opinion in Morris v. Miller, 4 Burr. 2057, a criminal conversation case. But that case has been held by our Supreme Court, in Forney v. Hallacher, 8 S. & R. 159, 162, to lay down a stricter rule than should be applied in this State; and the reasons for not following it were forcibly expressed by President Judge KING in Com. v. Murtagh, 1 Ashmead 272, 274. In Durning v. Hastings, 183 Pa. 210, it was expressly held that while in an action for criminal conversation the marriage of the plaintiff and his wife must be established as a fact, absolute proof is not required; cohabitation, reputation, and general surroundings indicating the reasonable probability of the conclusion that the parties were married are recognized as being sufficient evidence to establish that fact.

It must be remembered that since the Marriage Act of 26 George II, c. 23, what is known as 'common law marriages' are not recognized as valid in England, and Lord MANSFIELD's decision was made after the Marriage Act of 26 George II was in force, which prescribed the mode of perpetuating the evidence of marriage referred to by Judge GIBSON in Forney v. Hallacher, supra, p. 162.

But common law marriages are still valid in this Commonwealth and while cohabitation and reputation, as man and wife, do not constitute a marriage, they are circumstances from which a marriage may be presumed and are sufficient evidence to justify a finding of a marriage in the absence of proof, or admission by the party claiming a marriage, that no actual marriage *in verba de praesenti* took place: Bisbing's Est., 266 Pa. 529, 531; Tholey's App., 93 Pa. 36, 38; Hunt's App. 86 Pa. 294; Grimm's Est., 131 Pa. 199, 202; Murdock's Est., 92 Pa. Superior Ct. 275; Com. v. Haylow, 17 Pa. Superior Ct. 541.

There is no reason, apart from a statute directing otherwise, why evidence which is competent to prove a marriage in a civil case should not be competent in a criminal case. The fact to be proved is the same. The process of reasoning is the same. Evidence which tends to establish a marriage in a civil case does not have other and different effect in a criminal prosecution. As was said by Judge WHITE in Warner v. Com., supra, p. 105: "It cannot be contended, that when the same fact comes in dispute in a civil and criminal case, the law requires other and different evidence to establish such fact in one case, from what it requires to establish the fact in the other." The difference is in the degree of proof required. In the former the proof need only preponderate; in the latter it must be beyond a reasonable doubt; but the effect or weight of the evidence is a question for the jury. In Com. v. Gamble, 36 Pa. Superior Ct. 146, where the lower court directed a verdict of guilty on a charge of adultery, immediately after an admission by the defendant that he had introduced the prosecutrix and spoken of her to others as his wife, although he had testified that they had never been married and that their relations were always meretricious, this court said, speaking through President Judge RICE: "But neither cohabita-

tion nor reputation of marriage, is marriage. When conjoined they are evidence from which a presumption of marriage arises, but the presumption arising from these facts may always be rebutted, and wholly disappears in the face of proof that no marriage in fact had taken place [citing cases]. We do not say that even in a criminal case the jury may not infer the fact of marriage from circumstantial evidence. Perhaps a case might arise wherein the cohabitation, reputation and attendant circumstances would so strongly and convincingly show that fact as to warrant the jury in finding that the presumption in favor of the defendant's innocence of the adulterous intercourse charged in the indictment had been overcome. But we can conceive of no criminal case wherein it would be within the province of the court to charge the jury that the latter presumption was *conclusively rebutted* by proof of prior cohabitation, and reputation of marriage, with another woman. To conclusively presume as matter of law from the circumstances, that the relation between the defendant and the prosecutrix was innocent, in order to rebut the presumption of the innocence of his subsequent relation with Etta Crissman under an ostensible marriage, would carry the doctrine of presumption of marriage far beyond the principle upon which it is founded and all of the adjudicated criminal cases in which that principle has been invoked.''

The rule at first adopted by the courts in Massachusetts, which was much narrower and stricter than that applied in this State, was changed some years ago by statute so as to provide that: ''Marriage may be proved by evidence of an admission thereof by an adverse party, by evidence of general repute, or of cohabitation of the parties as married persons, or of any other fact from which it may be inferred'': General Laws of Massachuetts, (1921), ch. 207, sec. 47.

On full consideration we are of opinion, that at

least until so-called common law marriages are declared invalid in this Commonwealth, proof of marriage by cohabitation and reputation, under proper instructions from the court as to the effect of such evidence, may be sufficient to sustain a conviction of adultery or bigamy.

(2) The court's charge on the subject of the defendant's marriage was limited to the statement that in order to convict the defendant, the jury must be satisfied beyond a reasonable doubt that the defendant "at the time alleged by the Commonwealth was a married man; that is, that he had a lawful wife living and in full being." No instructions whatever were given the jury as to the effect of evidence of cohabitation and reputation; that it did not constitute a marriage, but was only evidence tending to prove an actual marriage, which might be sufficient to base a finding that a marriage had taken place, depending on the credibility and effect which the jury gave it when considered in connection with the presumption of the defendant's innocence.

In Com. v. Jackson, 11 Bush 679, the Court of Appeals of Kentucky said: "When the declaration of the prisoner and the fact that he has recognized and cohabited with the woman alleged to be his wife are alone relied upon, the jury should be told that this is only evidence tending to prove an actual marriage and that it is for them to decide whether the facts proven are sufficient to warrant them in finding that the prisoner was in fact married to the alleged wife, and unless they so believe [that is, so find beyond a reasonable doubt] they should acquit, although they may believe he recognized and cohabited with her as his wife."

We are of the opinion that the charge of the court was fatally inadequate on this subject.

The second assignment of error is sustained. The judgment is reversed, and a new trial awarded.