## Haas v. Blue Cross

*Richard J. Orloski*, for plaintiff.
*Oldrich Foucek, III*, for defendant.

DAVISON, *J.*, June 7, 1979—We have before us the preliminary objections of the sole remaining defendant, Blue Cross of Lehigh Valley (Blue Cross), to plaintiff's second amended complaint which challenge the sufficiency of the allegations claiming punitive damages.

Blue Cross previously raised virtually identical preliminary objections, consisting of a demurrer and motions to strike and for more specific pleading, to plaintiff's first amended complaint. Except for those relating to the pleading of a class action and requesting a more specific pleading of the claim for punitive damages, those preliminary objections were dismissed by an order entered on August 11, 1977, by our colleague, The Honorable David E. Mellenberg. Since other than for the above noted exceptions the second amended complaint is identical to the first amended complaint and the preliminary objections are the same as raised before, we refrain from addressing any of those preliminary objections which were previously dismissed (see 4 Standard Pa. Pract. §§19, 21, 24-25, 27-28 (1952 ed.)), and consider only whether plaintiff has now sufficiently averred a claim for punitive damages.

The second amended complaint consists of five counts, with counts II through V containing demands for punitive damages. In counts III, IV and V, the paragraphs pertaining to punitive damages are identical to those appearing in the first amended complaint, to which preliminary objections in the nature of a request for more specific

pleading were upheld, and they all generally state: "Defendant Blue Cross's (sic) . . . [conduct] . . . was reckless, wanton, willful, and malicious entitling plaintiff to punitive damages." However, the punitive damages demand in count II has been substantially expanded:

"21. Defendant Hospital's breach of the aforementioned contract or warranty of confidentiality was reckless, wanton, willful and malicious entitling Plaintiff to punitive damages for the following reasons:

A) At all times relevant herein, there was a dispute among various staff doctors at Allentown Hospital concerning the operation, management and control of the Hospital;

B) During the dispute, two identifiable factions of doctors grouped together: one identified as Save Allentown Hospital; and the other opposed to Save Allentown Hospital;

C) Plaintiff's treating physician was identified with the Save Allentown Hospital faction;

D) Doctors opposed to Plaintiff's treating physician used the Utilization Review Committee as a means of attempting to embarrass Plaintiff's treating physician by alleging that Plaintiff's treating physician did not provide sufficient detailed medical records to justify continued hospitalization when, in fact, such hospitalization was reasonably required, without conferring with Plaintiff's treating physician or without examining Plaintiff to make that determination;

E) The Hospital, through its agents, servants and employees, acted out of personal animosity towards Plaintiff's treating physician and without

due regard to the factual or medical accuracy of this determination that the Plaintiff did not require hospital level care solely for the purpose of embarrassing and harassing Plaintiff's treating physician because of his identification with the Save Allentown Hospital group;

F) The Defendant, Blue Cross was aware of this situation and attempted to capitalize on this situation of internal dissent for their own purposes."

The specific questions before us, then, are whether paragraph 21 of count II now sufficiently pleads a claim for punitive damages, and if so, is that paragraph adequately incorporated by reference into the other counts so as to render the pleading of punitive damages in each of them sufficient.

By their very nature, punitive damages are incapable of itemization or specificity: 2A Anderson Pa. Civ. Practice §1019.72. It is nonetheless necessary that there be sufficient factual averments to support such damages and such averments as will inform the defense of what to expect at trial: Joseph v. Naylor, 257 Pa. 561, 101 Atl. 846 (1917); Mazzarella v. Lehigh Foundations, Inc., 49 D. & C. 2d 198 (1969); 3 Standard Pa. Pract. §187, 459 (1952 ed.).

Pennsylvania has adopted the view of section 908 of the Restatement, 2d, Torts, that punitive damages may be awarded for "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Pierce v. Capital Cities Communications, Inc., 576 F. 2d 495 (3d Cir. 1978), cert. denied, 99 S.Ct. 181 (1978); Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963); Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970).

We conclude that the requisite factual elements alleging evil motive and reckless disregard have been sufficiently pleaded as to Blue Cross. See W.W. Coal Co. v. Pa. Nat'l Mutual Casualty Ins. Co., 75 D. & C. 2d 621 (1975); Benjamin v. Global Collection Agency, 71 D. & C. 2d 56 (1974); Moll v. Fehnel, 70 D. & C. 2d 295 (1971); Nido v. Chambers, 70 D. & C. 2d 129 (1975). In essence, plaintiff alleges that Blue Cross was aware that the hospital utilization review committee had found some of plaintiff's medical expenses unnecessary solely because those expenditures had been ordered by a physician in disfavor at the hospital, and that Blue Cross, despite that knowledge, and in cooperation with the hospital, used the hospital's findings to deny benefits to plaintiff. Our holding is only that punitive damages have been sufficiently *pleaded*; whether such damages can be *proven* is an altogether different matter—to be determined at trial. Since paragraph 21 is incorporated by reference into counts III, IV and V, we further hold that those counts also now sufficiently plead facts to support punitive damages.

Defendant argues that since the action against Blue Cross arises primarily ex contractu rather than ex delicto, punitive damages are not recoverable. While, as a general proposition, punitive damages are not recoverable in contract actions, Iron Mountain Security Storage Corp. v. American Speciality Foods, Inc., 457 F. Supp. 1158 (E.D. Pa. 1978), "[w]hen, however, the plaintiff has a right in the alternative to sue for a breach of contract or for a tort, the fact that [defendant's] act or omission amounts to a breach of contract does not preclude the award of punitive damages if the action is brought for the tort . . ." Restatement, 2d, Torts, §908, comment b; W.W. Coal Co. v. Pa. Nat'l

Mutual Casualty Ins. Co., supra. Since plaintiff's count V against Blue Cross is labeled as a trespass action, and bearing in mind that a demurrer to that count has previously been dismissed, it appears that plaintiff has alleged an actionable tort for which punitive damages may be awarded. The fact that the action could have been brought for breach of contract, therefore, does not affect the right to claim punitive damages.

Defendant's objection that the second amended complaint was not timely filed was not pursued in the briefs or at oral argument, therefore, we deem that objection abandoned.

## ORDER

Now, June 7, 1979, for the reasons set forth in the accompanying opinion, it is ordered that defendant's preliminary objections to plaintiff's second amended complaint be and the same are hereby denied and dismissed; and defendant may, if it chooses to do so, file an answer on the merits within 20 days after service of a copy of this order upon its attorney.