# French v. Fedorchak

*Richard W. Epstein* and *Gregory M. Reichart*, for plaintiffs.

*Diane Blackburn* and *Mary Ann C. Action*, for defendants.

MOTTO, *P.J.*, March 17, 2014—Before the court for disposition are the defendants' preliminary objections to plaintiffs' complaint. The preliminary objections contend that any reference in the complaint to allegations of "recklessness," "careless disregard," "reckless indifference," "conscious indifference," "outrageous, wanton and grossly negligent conduct," "unreasonable risk" and "grossly negligent" be stricken from plaintiffs' complaint because plaintiffs have not alleged any specific facts which would demonstrate that defendants possessed a state of mind or engaged in acts which would elevate their conduct to that of alleged willful, wanton or reckless conduct. Despite the manner in which the defendants in their preliminary objection have framed the issue, the court finds that the dispositive issue in this case is whether the plaintiffs have alleged sufficient facts to support a claim for punitive damages.

According to the complaint, this lawsuit arises out of a vehicular accident that occurred on August 6, 2011, when the plaintiff husband was operating his vehicle in a northerly direction on State Route 62 in French Creek Township, Venango county, Pennsylvania, with

the plaintiff wife as a passenger. Defendant Fedorchak, while an employee of defendant McClymonds acting in the course of his employment, was operating a tractor trailer loaded with tons of crushed vehicles in a southerly direction approaching plaintiffs' vehicle on State Route 62. The complaint alleges that Fedorchak drove his tractor trailer at such a speed and in such a reckless manner that the vehicle crossed the center line of State Route 62 into the northbound lane, then attempted to steer back into the southbound lane, causing the load of crushed vehicles to shift and the tractor trailer to leave its axles and roll over, thereby throwing the crushed vehicles from the trailer onto the plaintiffs' vehicle.

The allegations that plaintiffs rely upon to support a claim for punitive damages include allegations that defendant Fedorchak operated the vehicle at a "high, dangerous and reckless speed under the circumstances," "driving too fast for conditions," "failing to make certain that the cargo of crushed vehicles was properly distributed and secured," "operating the trailer without extreme caution and at an unsafe speed," "operating the tractor trailer without undertaking a proper pre-trip inspection," "operating in violation of the Federal Hours of Service Rules," "operating when defendant knew or should have known he was physically incapable of doing so safely," and "operating a tractor trailer that was in such condition as likely to cause an accident or breakdown." Complaint paragraphs 11(a), (h), (m), (o), (p), (q), (r), (u).

Relative to defendant McClymonds supply, defendant Fedorchak's employer, the complaint alleges outrageous conduct in "failing to properly and adequately investigate defendant's experience, record and fitness for

employment," "failing to generate and/or enforce proper rules, policies and procedures regarding the safe operation of its vehicles," "allowing defendant operator to drive a tractor trailer when owner knew or should have known that the tractor trailer was improperly maintained and therefore unsafe to drive," "allowing defendant operator to drive an overloaded tractor trailer which defendants knew or should have known can compromise a tractor trailer's stability and the driver's ability to operate," "allowing defendant operator to haul a load that was improperly distributed and/or not adequately secured," "failing to establish and enforce safe driving practices and procedures," "failing to keep the tractor trailer systematically inspected," and "permitting defendant operator to drive its tractor trailer when he was unable to do so properly, safely, and lawfully and he exhibited a pattern and course of conduct of exceeding posted speed limits, violating state traffic laws and violating federal motor carrier safety regulations hours of service limitations." Complaint Paragraphs 12(b) through (g), (i), (j).

It is well settled that in considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom as admitted and true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. *See Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should be sustained only in cases that are clear and free from doubt. *See Pennsylvania AFL-CIO, ex.rel. George v. Commonwealth*, 563 Pa. 108, 757 A.2d 917 (2000); *Butler v. Illes*, 747 A.2d 943 (Pa. Super. 2000). It should be clear from all of the well pleaded facts that the pleader will unable to prove facts sufficient to legally

establish a right to relief. *Id.* Any doubt should be resolved by refusing to sustain the objections. *See Ellenbogen v. PNC Bank, N.A.*, 731 A.2d 175 (Pa. Super. 1999).

A leading case in Pennsylvania on the issue of punitive damages is *Focht v. Rabada*, 217 Pa. Super. 35, 268 A.2d 157 (1970). In *Focht*, the defendant driver, while proceeding at an excessive speed down a crowded thoroughfare, struck an automobile, which, in turn, struck the plaintiff pedestrian causing personal injuries to the plaintiff. The trial court had ruled that evidence of defendant's intoxication was inadmissible because it could not support an award of punitive damages. On appeal, the Superior Court vacated the lower court's ruling and concluded that under the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages pursuant to §908 of the restatement of torts. *Id.* at p. 42. The court went on to say that "driving while under the influence of intoxicating liquor, with its very great potential for harm and serious injury, may under certain circumstances be deemed 'outrageous conduct' and 'a reckless indifference to the interest of others' sufficient to allow the imposition of punitive damages." *Id.* at 40. The Superior Court thus remanded the case to the trial court to determine whether the office of proof were sufficient.[1]

As noted in *Focht*, Pennsylvania has adopted the law of punitive damages as set forth in §908 of the restatement of torts and the comments thereunder. *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963). §908(1) of the restatement provides that "punitive damages are

---

1. The case was subsequently settled and the trial court did not have to rule on the above issue.

damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct, comment (b) of the above section states that 'outrageous conduct' consists of acts done with a bad motive or with a reckless indifference to the interests of others." Punitive damages are thus recoverable when the act is done with reckless indifference as well as with bad motive or intent. *Focht*, Supra at p. 38.

The *Focht* court determined that the phrase "reckless indifference" derived its meaning from comment (d) of §500 of the restatement of torts. That comment provided that if the actor's conduct is such to involve a high degree of chance that serious harm will result from it to anyone who is within such range is conclusive of the recklessness of his conduct toward them. *Id.* at p. 39.

The *Focht* court further determined that in certain factual circumstances, the risks presented by a drunken driver may be so obvious and the probability that harm will follow so great that outrageous conduct may be established without reference to motive or intent. *Id.* at p. 41.

The question in the case sub judice is whether the complaint sufficiently avers appropriate circumstances for the award of punitive damages. Pennsylvania is a fact-pleading state, and a complaint must give a defendant both notice of the plaintiff's claim and the facts essential to support the claim. *Smith v. Browning*, 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980). The plaintiff in pleading a claim for punitive damages is only required to plead sufficient facts which, if proven, would support an award of punitive damages. *Joseph v. Naylor*, 257 Pa. 561, 101 A. 846 (1917). In short, a punitive damage claim

will be allowed where defendant's conduct involves a high degree of chance that serious harm will result, and the fact that defendant either knows or has reason to know that others are within the range of danger is indicative of recklessness. *See Focht v. Rabada, Supra.*

The court here finds that the complaint sufficiently alleges fact which, if proven, would support an award of punitive damages. The operation of a tractor trailer loaded with tons of crushed vehicles is inherently dangerous and involves a high degree of chance that serious harm will result to anyone on the roadway if such activity is not done with care. The potential for harm and serious injury is inherent in the nature of the activity. Operating a tractor trailer loaded with crushed vehicles constitutes reckless indifference to the interest of others and outrageous conduct if done under the circumstances alleged in paragraphs 11 and 12 of the complaint, including the allegations that the tractor trailer was operated at a high, dangerous and reckless speed and after failing to make certain that the cargo of crushed vehicles was properly distributed and secured and in operating in violation of federal hours of service rules, and further operating when the defendant knew or should have known that he was physically incapable of doing so safely. Traveling at a high rate of speed around a curve can be considered to be reckless and outrageous conduct when one is operating a tractor trailer loaded with improperly secured tons of crushed vehicles. Further, as to defendant McClymonds supply, as the employer, it can be considered to be outrageous conduct and reckless indifference if the employer fails to properly and apply investigate the experience of its drivers and their fitness for employment and fail to generate proper rules, policies and procedures for the safe operation of its

vehicles and it allowing a driver to operate an improperly secured overloaded tractor trailer, or an improperly maintained tractor trailer, or allowing a driver to operate a tractor trailer where the employer knows that the driver has exhibited a pattern and a course of conduct of unsafe driving. These allegations, if proven, exhibit reckless indifference to the degree of danger that accompanies allowing a tractor trailer to be loaded in the manner alleged in the complaint and operated without care as to the competency of the driver, the safety of the equipment, and the proper securing of dangerous cargo.

For the foregoing reasons, the defendants' preliminary objections shall be denied by separate order of court.

### ORDER OF COURT

And now, this 17th day of March, 2014, for the reasons set forth in the accompanying date of even date herewith, it is ordered and decreed that the defendants' preliminary objections to plaintiffs' complaint are overruled and denied. The defendants shall file an answer to the complaint within twenty (20) days of the date this order is docketed.