## Wharton's Estate.

*Decedent's estate—Illegitimates—Marriage—Evidence.*

A declaration in a father's will that a boy named therein is "my son" is not in itself sufficient to support the legitimacy of the boy so as to enable him to participate in a portion of an estate left by his deceased father's brother, where there is nothing to show that the testator and the boy's mother were ever actually married, or that they ever lived together as man and wife, or were recognized as, or held themselves out to be, man and wife.

Argued April 2, 1907.      Appeal, No. 113, Jan. T., 1907, by Edward Wharton, Jr., from decree of O. C. Phila. Co., Jan. T., 1906, No. 659, dismissing exceptions to adjudication in Estate of Francis R. Wharton, deceased.      Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the decedent died on February 11, 1905, leaving a will whereby he gave his entire estate in equal shares to his sister, Alida Gouverneur Montgomery, and his brother, Alfred Wharton, Jr. The sister died on October 9, 1903, a widow without issue. The deceased left to survive him his brother, Alfred Wharton, and also a nephew, Edward Wharton, Jr., a son of Edward Wharton, Sr., a brother of the deceased. Edward Wharton, Jr., claimed a share in the estate. His legitimacy was denied. It appeared that Edward Wharton, Sr., made a will on March 21, 1872, and therein provided as follows: " Second. I give and bequeath to my friend Mrs. Kate Lawrence the sum of $20,000 for the support of herself and my son Edward Wharton and in case of her death to be held in trust by my executors hereinafter named for the use and maintenance of my said son until he arrives at the age of twenty-one years, the principal to be paid to him at their discretion." He died June 2, 1873.

The auditing judge disallowed the claim for the reasons stated in the portion of the adjudication quoted in the opinion of the Supreme Court.

Exceptions to the adjudication were overruled.

*Error assigned* was the decree of the court.

*Thomas James Meagher*, for appellant, cited: McCausland's Est., 213 Pa. 189; Thewlis's Est., 15 Pa. Dist. Rep. 361; Page v. Dennison, 1 Grant, 377; Pickens's Est., 163 Pa. 14.

*M. Hampton Todd*, with him *Francis William Rawle*, for appellee, cited: Page v. Dennison, 1 Grant, 377; Yardley's Estate, 75 Pa. 207; Gimber's Estate, 184 Pa. 436; Morgan's Estate, 207 Pa. 519; Moore's Estate, 211 Pa. 338; Plankinton's Estate, 212 Pa. 235; McPherran's Estate, 212 Pa. 432; Mace's Estate, 213 Pa. 100.

PER CURIAM, May 20, 1907:

The auditing judge below found, inter alia, that " it not only does not appear that the claimant's mother and Edward Wharton were ever actually married, but it does not appear

that they ever lived together as man and wife or were recognized as or held themselves out to be man and wife.

"And being of the opinion that legitimacy is based upon marriage—that it is only upon the presumption of marriage that legitimacy may be found—and that the facts upon which to base a doubt which appearing must and would be construed in favor of claimant are not present in this case—the auditing judge dismisses the claim."

On this finding approved by the court in banc, the decree is affirmed.