# Goughnour, Appellant, v. Zimmerman.

*Intestate laws—Illegitimates—Real estate—Acts of April 27, 1855, P. L. 368, and June. 5, 1883, P. L. 88.*

1. Where there are several illegitimate children born of the same mother, and one of them dies prior to the passage of the Act of June 5, 1883, P. L. 88, intestate, leaving neither mother nor issue, her surviving illegitimate brothers and sisters do not inherit her real estate, although derived from the mother by will.

2. The Act of April 27, 1855, P. L. 368, did not legitimate illegitimates, but gave to the mother and illegitimate children the capacity to inherit from each other only.

Argued Oct. 7, 1912. Appeal, No. 30, Oct. T., 1912, by plaintiffs, from judgment of C. P. Cambria Co., March T., 1909, No. 278, for defendant non obstante veredicto in case of George W. Goughnour, et al., v. Eugene Zimmerman, et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in the Seventh Ward of the City of Johnstown. Before O'CONNOR, P. J.

At the trial it appeared that Susan Horner died on February 19, 1881, seized of a tract of land which by will she devised to her three illegitimate children, and the issue of a deceased illegitimate child. The land was partitioned, and the tract in dispute was allotted to one of the illegitimate children, Mary Zimmerman. Mary Zimmerman died on September 2, 1882, intestate, without issue, but leaving to survive her a husband, Charles Zimmerman. Zimmerman died on December 4, 1899, leaving a will by which he bequeathed the land in question to his son and daughter, the defendants. At the trial the jury rendered a verdict for plaintiffs, the illegitimate brothers and sisters of the decedent. Subsequently the court entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Donald E. Dufton,* with him *R. Edgar Leahey,* for appellants.—The argument that plaintiffs could not take as collaterals because the mother from whom the estate was derived died before Mary Zimmerman did, is unsound. If such was the rule of law, there could be no such principle as taking by representation under the Act of 1855, and hence no collateral heirs: Ringler's Estate, 1 Woodward 328.

At common law a devisee who takes by the will precisely the estate that would have been cast upon him by descent is in by descent and not by purchase: Kinney v. Glasgow, 53 Pa. 141.

*H. S. Endsley,* with him *Jacob Zimmerman, J. C. Davies & Tillman K. Saylor,* for appellees.—All the decisions expressly hold that the Act of 1855 did not legitimate illegitimates: Grubb's Appeal, 58 Pa. 55; Steckel's Appeal, 64 Pa. 493; Woltemate's Appeal, 86 Pa. 219; Neil's Appeal, 92 Pa. 193; Umstead's Estate, 31 Pa. C. C. R. 209; Kennedy's Estate, 9 Pa. C. C. R. 230; Rees's Estate, 166 Pa. 498.

The title to the locus in quo vested absolutely in Charles Zimmerman, the husband of Mary Zimmerman, upon her death in 1882, under the intestate laws then in force, and the Act of June 5, 1883, P. L. 88, has no application: Norman v. Heist, 5 W. & S. 171; Brown v. Hummel, 6 Pa. 86; Palairet's Appeal, 67 Pa. 479; Galbraith v. Com., 14 Pa. 258; Com. v. Warwick, 172 Pa. 140.

OPINION BY MR. CHIEF JUSTICE FELL, November 7, 1912:

The plaintiffs are brothers and sisters of Mary Zimmerman, who was one of four illegitimate children. The land for which ejectment was brought was devised to her by her mother in 1881. She died intestate in 1882, leaving to survive her a husband whose claim of title under the Intestate Act of 1883 was undisputed during his life and who devised the land to the defendants, who are his children by a subsequent marriage.

All of our decisions hold that the Act of 1855 did not legitimate illegitimates but gave to the mother and illegitimate children the capacity to inherit from each other only: Grubb's Appeal, 58 Pa. 55; Steckel's Appeal, 64 Pa. 493; Woltemate's Appeal, 86 Pa. 219; Neil's Appeal, 92 Pa. 193; Tennent's Appeal, 166 Pa. 498. This, as was said in Woltemate's Appeal, supra, is the extent

to which the legislature had opened the door to illegitimates.  The right of illegitimates to inherit has since been enlarged by statute, but as the law stood at the death of Mary Zimmerman, there was no relationship between her and the plaintiffs through which her estate could pass to them.  It follows that judgment non obstante veredicto was properly entered for the defendants.

The judgment is affirmed.