# McFarlin's Estate.

*Executors and administrators—Voluntary distribution—Illegitimates — Inheritance from mother — Seven years' absence — Presumption of death—Act of March 26, 1903, P. L. 70—Bill of review—Distribution—Surcharge—Interest.*

1. The administrators of an unmarried woman, who filed their account within seven months of her death, showing voluntary distribution of the estate to the next of kin, are liable, on a bill of review, to an illegitimate son of decedent, who had no notice of any proceedings in his mother's estate.

2. In such case, where it appears the county in which his mother died had never been the home of the illegitimate, the mere fact that the accountants had heard nothing of him for over seven years, although one of them knew of his birth, raised no legal presumption of his death.

3. The Act of March 26, 1903, P. L. 70, has no application to such case. It does not include cases of illegitimates where money has been paid to and received by collateral heirs.

4. The court below held that the accountant should be surcharged with interest, but this question was not raised on appeal.


Argued April 20, 1920. Appeal, No. 191, Jan. T., 1920, by Vincent L. McFarlin and Samuel R. McFarlin, Administrators, from decree of O. C. Blair Co., No. 639½, O. C. 1919, confirming report of auditor in Estate of Ellissia M. McFarlin, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for review.

Exceptions to report of Robert W. Smith, Esq., audi-tor.

BALDRIGE, P. J., filed the following opinion:

Ellissia M. McFarlin died, intestate, in the City of Altoona, September 24, 1916. Letters of administration on her estate were granted to Vincent L. McFarlin and a nephew, Samuel R. McFarlin. On April 27, 1917, the administrators filed their final account, which was

duly confirmed, showing a balance in their hands, after the payment of collateral tax of $363.38, and distributed the net balance of $7,667.32, and attempted to account for the distribution thereof in their account and took credit for paying $3,000 to Mrs. Margaret Young, a sister of this decedent, and $3,904.17 was appropriated by Vincent L. McFarlin, one of the administrators.

On May 16, 1919, a petition was presented to this court for a review of the proceedings, alleging that the decedent years ago had given birth to an illegitimate son who was living and had no notice of any proceedings in his mother's estate.

An auditor was appointed to make distribution of the funds in the hands of the administrators, who, after a full hearing, directed that the $7,262.72 remaining in the hands of the accountants was due and payable to William H. McFarlin, the only child of the decedent. Exceptions were filed by the accountants to the auditor's conclusions.

We cannot profitably add very much to what has been so well set forth by the auditor. It has been frequently ruled in this State that when accountants make voluntary distribution amongst next of kin they do so at their own risk. If any additional authorities are necessary than those set forth in the report of the auditor, White's Estate, 163 Pa. 388, could be mentioned as an authority wherein the facts are not entirely dissimilar from the case at bar. The facts in that case disclose that an auditor was appointed to make distribution of funds in the hands of the executor, but no notice thereof was given to William White Buckley, an infant and nonresident of the State. A bill of review was granted. Mr. Justice WILLIAMS, delivering the opinion for the appellate court, said: "It was doubtless the result of haste and thoughtlessness on the part of the children of the testator, and of a mistaken confidence in his professional opinion on the part of the attorney and auditor. But whatever the fact may be as to the manner in

which the proceedings were conducted, the conclusion is inevitable that it was not such an adjudication as could conclude the infant against whom it was rendered without a hearing and without notice. As a settlement of the accounts of the executors it may be conclusive, at least it is not now questioned, but as a decree of distribution it was a nullity so far as the interest of the petitioner is concerned." Thus in this case in so far as an attempted distribution of the estate is concerned it is entirely void. It was not disputed that the elder accountant at least knew of the birth of the child and of a visit he paid his mother in the City of Altoona. The mere fact that the accountants had heard nothing from him for a number of years raised no legal presumption of his death; Blair County never was his home. There was no testimony offered to show that the son and claimant was absent or unheard of at his last place of domicile for the statutory period of seven years, in accordance with the Act of 1885, P. L. 155, and, therefore, there was no presumption of death arising. "The place where his absence is to be taken account of is his home, or the place where he customarily stays, rather than a locality far distant": Shultz's Est., 46 Pa. Superior Ct. 546; Morrison's Est., 183 Pa. 155.

The accountants rely mainly on the Act of 1903, P. L. 70, interpreted by them to mean that where an estate of the mother of an illegitimate has been actually paid and received by the collateral heirs the illegitimate child is debarred from any participation in the estate.

An act was passed in 1901, P. L. 639, to regulate and define the legal relations of an illegitimate child, or children, its or their heirs, with each other and the mother and her heirs. This act was amended by the Act of 1903, the title of which is, "To amend an act, etc., ......where the estate of such illegitimate or mother has not been actually paid to and received by collateral heirs or the Commonwealth." Section 4 is as follows: "The intent of this act is to legitimate an illegitimate

child and its heirs, as to its mother and her heirs; but is not intended to change the existing law with regard to the father of such child, or their respective heirs and legal representatives. This act shall apply to all cases, now pending, where the estate of such illegitimate or its mother has not been actually paid to and received by collateral heirs or relatives or the Commonwealth, as well as to all such cases happening after the passage of this act."

It seems quite obvious that the intent of the legislature was that this law applied to all cases then pending where there was not an actual payment to the collateral heirs, as well as to all cases of illegitimacy in the future. There is no intended inclusion of all cases of illegitimacy where money had been paid to and received by collateral heirs. If that were so one could with very little difficulty or inconvenience render the act practically nugatory by filing an account and making a payment to collateral heirs; the illegitimate child would in that event be entirely debarred. This was not the intent of the legislature, nor does the language bear such an interpretation.

It is contended upon the part of the son that he is entitled to interest on the fund for distribution.

The decedent died on September 24, 1916, and the account was filed April 27, 1917. Amongst the assets was a mortgage due from the administrators. We think it but just that this exception should be sustained, and that interest be allowed on that sum during that period, amounting to $130.

Interest is further claimed on the fund of $7,262.17 from the date of the filing of the account, April 27, 1917, to the filing of the report of the auditor on August 15, 1919, and it is asked that the accountants be surcharged with $1,002.25 for that item.

Under the circumstances we think the rate of interest is too high, but that the accountants ought to be charged with interest at the rate of three per cent amounting to

Opinion of Court below—Opinion of the Court. [267 Pa. $501.12. With this modification in the interest the report of the auditor is confirmed.

Vincent L. McFarlin and Samuel R. McFarlin, administrators, appealed.

*Errors assigned* were in the following form:
. 1. The learned court erred in finding as a matter of law that the Act of 1903, page 70, had no application to this case.

2. The learned court erred in holding and approving the finding of the auditor that fraud had been proven.

3. The learned court erred in holding that the seven years' absence of William H. McFarlin from Pennsylvania was not sufficient to protect the said administrators in their distribution of the estate from being surcharged.

*J. F. Sullivan,* with him *Hays W. Culp,* for appellants.·

*J. Lee Plummer,* for appellee, was not heard.

PER CURIAM, May 26, 1920:

The appellee is the illegitimate son and sole child of appellants' decedent, who died intestate, and, as such, he is entitled under the statute to what she left. The decree awarding it to him is affirmed, at appellants' costs, on the opinion of the learned court below, which conclusively shows that their contention is without support, either in conscience or law.