Molz *v.* Hansell, Appellant et al.

Argued October 29, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Louis Wagner*, and with him *Richard A. Smith* and *Thomas J. Clary*, for appellant.

*Edwin J. McDermott*, and with him *William Charles Brown*, for appellees.

OPINION BY KELLER, J., December 18, 1934:

This is a workmen's compensation case. It has to do with the right of the defendants to subrogation under Section 319 of the Workmen's Compensation Act, (Act of June 2, 1915, P. L. 736), applicable to cases where the employee's death was caused by the negligent act of a third person.

Thomas R. Flinn, an employee of the defendant, Hansell, was killed on October 30, 1932, while in the course of his employment, under such circumstances as to make one Thomas C. Manley liable in damages.

Manley was insured by the Alliance Casualty Company, and, on November 3, 1932, that company paid Madeline K. Flinn, whom they supposed to be the dead man's wife, $4,000 in settlement of her claim against Manley, on her own behalf as well as that of her two children, Richard and Madeline, aged eighteen months and six months, respectively.

It turned out that the marriage between Thomas R. Flinn and Madeline K. Flinn was invalid because he had a wife living at the time,—who subsequently divorced him—, but the marriage was never validated and the two children were illegitimate.

At the time of his death Flinn had a legitimate daughter living—the child of his legal marriage—Virginia Nancy Flinn, aged five years and ten months. On November 5, 1932 a bill in equity was filed on her behalf in the Court of Common Pleas No. 5 of Philadelphia County joining as defendants all parties in any way connected with the matter and praying that the sum of $4,000 so paid as aforesaid be ordered to be paid to her.

In the course of that proceeding the facts relating to Flinn's two marriages were ascertained and an agreement was entered into by the parties by the terms of which the bill was dismissed without prejudice to the rights of the parties so far as compensation was concerned, and $2,000 was paid to Virginia Nancy Flinn out of the $4,000 paid in settlement of the claim against Manley.

Upon Flinn's death, by the negligence of Manley, a purely statutory right of action accrued in accordance with the Acts of April 15, 1851, P. L. 669, sec. 19, and April 26, 1855, P. L. 309, sec. 1, as amended by the Act of June 7, 1911, P. L. 678. The act last cited provides that: "The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children or parents of the deceased, and no other relatives; ...... and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy." By 'widow' is meant lawful widow, and by 'children' is meant legitimate children: Thompson v. D. L. & W. R. Co., 41 Pa. Superior Ct. 617, 619; 17 C. J. 1219; 8 R. C. L. 753; McDonald v. P. C. C. & St. L. Ry. Co., 144 Ind. 459, 43 N. E. 447; Dickinson, Admx. v. The North Eastern Ry. Co., 2 Hurlstone & Coltman (Exchequer) 734. Neither Madeline K. Flinn, nor her children, Richard and Madeline, could take any of Thomas R. Flinn's personal estate, in case of his death intestate.

Claims for compensation were presented against the employer, Hansell, on behalf of Virginia Nancy Flinn, the legitimate daughter, alleging dependency as the daughter of the deceased, and on behalf of Richard Flinn and Madeline Flinn, illegitimate children of Flinn, on the ground of dependency, as being children to whom he stood in loco parentis (Sec. 307, paragraph 9). The board awarded to the mother of Virginia Nancy Flinn, for and on her behalf, $3.33⅓ per week from November 9, 1932 to August 10, 1938, and the further sum of $2.91 2/3 per week from August 10, 1938 to January 4, 1943, or a total of $1,670; and to Madeline K. Flinn for and on behalf of Richard Flinn and Madeline Flinn, the sum of $6.66 2/3 per week from November 9, 1932 to August 10, 1938 ($2,000), and the further sum of $5.83⅓ per week from August 10, 1938 to January 4, 1943 ($1,340), and the further sum of $6.25 per week from January 4, 1943 to March 11, 1947 ($1,363.39); and to Madeline K. Flinn for and on behalf of Madeline Flinn $3.75 per week from March 11, 1947 to March 17, 1948 ($199.29), making a total of $4,902.68. The board further authorized the defendants to deduct from the foregoing awards the sum of $1,670, being the full amount of the award payable to and on behalf of Virginia Nancy Flinn, and the sum of $2,330 from the amount payable to Madeline K. Flinn for and on behalf of Richard and Madeline Flinn. On appeal to the Court of Common Pleas No. 1 of Philadelphia County that court sustained the exception as respects the subrogation of $2,330 awarded the defendants on behalf of Richard and Madeline Flinn and entered judgment against the employer for the full amount of that award.

We think the judgment was right. The illegitimate children had no legal claim against Manley for damages because of the death of their father, the employee. The sole right of action under the law was in the

legitimate daughter, Virginia Nancy Flinn. Had the entire $4,000 paid in settlement been received by her, the subrogation allowable to the defendant employer would have been in exactly the same amount as was allowed against Virginia Nancy Flinn in this proceeding, viz., $1,670. The Workmen's Compensation Law gave to the illegitimate children, who were dependent upon the employee, Flinn, by reason of the fact that he stood toward them in loco parentis, a right to compensation. This right was not affected by the fact that Virginia Nancy Flinn, in the settlement of her equity suit, agreed that the illegitimate children should retain $2,000 of the damages legally coming to her. Under the law the illegitimate children were entitled to no part of these damages. A payment to them of a portion of it did not change the rights or liabilities of the employer or its insurance carrier. The subrogation rights of the latter were not increased by the fact that Virginia Nancy Flinn, in the settlement of her equity suit, chose to divide the damages legally payable to her with the illegitimate children of her father.

As the dependents of the deceased employee did not occupy the same status, Virginia Nancy Flinn being a legitimate child, and Richard and Madeline Flinn being illegitimate children, to whom the deceased employee stood in loco parentis (sec. 307, par. 9), and as the payments on their behalf are to be made to different people, viz., their respective mothers, we find no error on the part of the board in separating the awards and apportioning to the minors individual shares of the award, as was done in this case. While the law directs payment of dependent children's compensation to "their guardian" it contemplates that each child shall have the benefit of its respective share of the award.

The assignments of error are overruled and the judgments are affirmed.