Opinion by
 

 Keller, P. J.,
 

 Charles Balanti, an employee of Stineman Coal and Coke Company, was accidentally killed on August 21,
 
 *346
 
 1935, while in the course of his employment. At the time of his death, a son, Samuel Balanti, under sixteen years of age, was living with him as a member of his household. A compensation agreement was entered into on Samuel’s behalf and compensation was paid him under section 307 (1-a) of the Workmen’s Compensation Act until he became sixteen years old. On May 6, 1936 a claim for compensation was presented on behalf of Lucy Balanti by her mother, Silvia Balanti Mateo, averring that she (Lucy) was a daughter of Charles Balanti, born May 21, 1921.
 

 The referee awarded compensation, basing the award on a finding that Lucy Balanti was the daughter of Charles Balanti and Silvia DeJacia Balanti (now Mateo) and that a common-law marriage had taken place between her parents. On appeals to the Board and the court of common pleas, respectively, the findings of the referee, and his conclusions of law were affirmed and judgment was entered on the award. If there is competent evidence in the record to sustain the findings the judgment must be affirmed.
 

 The finding that Lucy Balanti, the claimant, is the daughter of Charles Balanti and Silvia DeJacia is fully sustained by the evidence; but that alone does not warrant the award. The term “child” as used in section 307 of the Workmen’s Compensation Act providing to whom compensation, on the death of an employee, shall be payable, refers to a legitimate child of the deceased employee, unless the child is a member of his household at the time of his death and thus dependent on him, as in loco parentis:
 
 Molz v. Hansell,
 
 115 Pa. Superior Ct. 338, 342, 175 A. 880;
 
 Gierak v. L. & W. B. Coal Co.,
 
 101 Pa. Superior Ct. 397. Lucy Balanti was not a member of the deceased employee’s family or household at the time of his death. She was a member of the household of her mother and her stepfather,-Mateo, and had not lived with, nor been supported by, Charles
 
 *347
 
 Balanti since March, 1922. It was this difference in status between Samuel Balanti and Lucy Balanti which caused the different attitude taken by the insurance carrier, the State Workmen’s Insurance Fund, toward their respective claims, commented on by the Board. The claim of Samuel Balanti was paid by the Fund without contest, not because he was Charles Balanti’s legitimate child but because he was a dependent member of the deceased employee’s household at the time of the latter’s death. As Lucy Balanti was not a member of his household and had not been for over thirteen years prior to his death, in order to sustain an award she had to prove that she was a legitimate child, that is, that her father and mother were married to each other when she was born. This the evidence fails to show.
 

 This State recognizes the validity of common-law marriages; but.a
 
 marriage
 
 is necessary in all cases. The mere living together in the ostensible relation of husband and wife does not constitute a marriage. Cohabitation and reputation are not marriage; they are but circumstances from which a marriage may be presumed, and such presumption may always be rebutted and will wholly disappear in the face of proof that no marriage in fact had taken place:
 
 McDevitt’s Est.,
 
 280 Pa. 50, 124 A. 294;
 
 Edwards v. Enterprise Mfg. Co.,
 
 283 Pa. 420, 129 A. 449;
 
 Bisbing’s Est.,
 
 266 Pa. 529, 109 A. 670;
 
 Murdoch’s Est.,
 
 92 Pa. Superior Ct. 275;
 
 Com. v. Phillips,
 
 83 Pa. Superior Ct. 213, 216;
 
 Com. v. Bockes,
 
 103 Pa. Superior Ct. 378, 381, 157 A. 214;
 
 Morris v. McKeesport C. & C. Co.,
 
 99 Pa. Superior Ct. 112, 115. Marriage, in our law, is a civil contract, and does not require any particular form of solemnization before officers of church or state, but is entered into by words in the present tense, uttered with a view and for the purpose of establishing the relation of husband and wife; and if the testimony of the surviving party shows
 
 *348
 
 that there was no marriage, all the evidence on the subject of cohabitation and reputation is of no importance:
 
 Murdoch’s Est.,
 
 supra, pp. 277-279;
 
 Com. v. Stump,
 
 53 Pa. 132;
 
 Tholey’s App.,
 
 93 Pa. 36, 38; McL
 
 aughlin’s Est.,
 
 314 Pa. 574, 172 A. 107.
 

 Notwithstanding the attempt of her attorney, by his leading questions, to put words in her mouth, the claimant’s mother did not testify to facts which established a valid common-law marriage between her and Charles Balanti. On the contrary, she testified that she had not been married to him, but that she had lived with him and borne him children. The most that can be taken from her testimony is that she came to this country in June, 1913 and went to live with Balanti in October, 1913; that he told her he was going to make a registration application and say “we were married already before he have to go” to the army, and she thought that was all that was necessary. Whatever this may mean —especially in view of the fact that the Draft Act did not go into effect until 1917, — it evidences no words in the present tense, uttered with a view and for the purpose of establishing the relation of husband and wife. The birth certificate of Lucy Balanti set forth that her father was Charles Balanti and her mother Saba (Silvia) DeJacia, — not Balanti. In March 1922 Silvia left Balanti taking with her the child and two years later married her present husband, Mateo, without securing a divorce. She said she did not get a divorce, because she did not have to get a divorce if she was not married. If there was a common-law marriage between her and Balanti, her second marriage to Mateo was bigamous and the children born of that relation would be illegitimate. On the other hand, if there had been no marriage between her and Balanti, her marriage to Mateo would be legal and her children by him legitimate. See
 
 Morgan v. Heinel Motors,
 
 329 Pa. 360, 366, 197 A. 920;
 
 Rau v. W-B & E. R. R. Co.,
 
 311 Pa. 510, 513,
 
 *349
 
 167 A. 230. While she may have been misinformed, or even misled, by Balanti as to what the effect of his registration certificate might be, her testimony disproves rather than proves, a marriage, common-law or otherwise, between them. Unless there was a marriage between them the award in favor of Lucy Balanti cannot stand.
 

 The judgment is reversed and is now entered for the defendant.