LEON J. FORTIN *vs.* JOSEPH F. FORTIN.

Sagadahoc.    Opinion, July 9, 1943.

*Ralph O. Dale,* for the plaintiff.

*Ellis L. Aldrich,*

*Sherwood Aldrich,* for the defendant.

SITTING: STURGIS, C. J. THAXTER, HUDSON, MANSER, MUR-
CHIE, CHAPMAN, JJ.

STURGIS, C. J.   This action on a promissory note was tried in the court below without a jury and with right to exceptions as to matters of law reserved. On issue joined on a plea of want of consideration, the decision was for the plaintiff for the full amount of the note, and the defendant reserved an exception. The case having been remanded for correction of the bill of exceptions and re-entered, it is in order for review and the motion to dismiss now filed, having no procedural warrant, must be dismissed.

Out of the maze of its inconsistencies, the record discloses that Floredo Fortin, the administrator d. b. n. c. t. a. under the will of his mother, Phidamene B. Fortin, formerly of Brunswick, deceased, having in his possession as an asset of the estate an overdue note for $2,500 and accrued interest, which his brother Joseph Fortin had given their mother in her lifetime, demanded payment, threatened suit and settled the note by waiving the interest due on it and having Joseph, the maker, give him as an individual a note for $1,000 and give another note for $1,200 payable in five years without interest to their brother Leon Fortin, the plaintiff in this action. This was done in good faith and in the belief of all the parties, undoubtedly based on advice of counsel, that Floredo and Leon Fortin, under the third paragraph of their mother's will, were entitled to the principal of the note which Joseph owed her, and as to him, all unpaid interest was to be waived.

The evidence warrants the finding that what actually happened in this case was that by way of compromise the administrator of Phidamene B. Fortin's estate discharged Joseph Fortin from his liability on the note he owed his mother and at the same time, with the new notes he gave them, paid the legacies to which Floredo and Leon Fortin claimed they were entitled, and until this suit on Leon Fortin's note was begun, all concerned treated the settlement as having that effect. It is only now when action upon the note which he owed his mother is undoubtedly barred by the statute of limitations that

Joseph Fortin comes forward with the claim that his pro tanto satisfaction of it through the notes he gave his brothers was a nullity.

The distribution of the estate of Phidamene B. Fortin which her sons carried out, although informal, was not unlawful. *Gardiner* v. *Callender,* 12 Pickering 374. Her administrator undoubtedly had the power to compromise and release the obligation of Joseph Fortin upon the note he owed the testatrix as he did, and the compromise, made in good faith, is binding upon the parties. *Chase v. Bradley,* 26 Me., 531; *Wallin* v. *Smolensky,* 303 Mass., 39, 41, 20 N. E., (2d), 406; *O'Rourke* v. *Sullivan,* 309 Mass., 424, 428, 35 N. E., (2d) 259; *Parker* v. *Prov. & Stonington S. Co.,* 17 R. I., 376, 22 A., 284; 23 A., 102, 14 L. R. A., 414, 23 Am. St. Rep., 869. And although the administrator could not have been compelled to pay the legacies at the time, if he cared to assume the risk, he could lawfully do so. *Palmer* v. *Estate of Palmer,* 106 Me., 25, 75 A., 130; 19 Ann. Cas., 1184; 3 *Woerner American Law of Administration (Third Ed.),* 1793.

Nor can the distribution of the estate by compromise be set aside in this proceeding because, as is contended in defense, Floredo and Leon Fortin were not entitled under the third paragraph of the will to the legacies represented by the notes which the defendant, Joseph Fortin, gave them at the direction of the administrator. If this contention be true and the administrator has voluntarily made distribution to the wrong persons, he may have to pay the legacies again to those who are entitled to them or otherwise stand charged in his accounts for the payments. *Daniel* v. *Baldwin, et al.,* 148 Ala., 292, 40 So., 421; *Defriez* v. *Coffin,* 155 Mass., 203, 29 N. E., 516; *Boales* v. *Ferguson,* 55 Neb., 565, 76 N. W., 18; *McFarlin's Estate,* 267 Pa., 510, 111 A., 444; 3 *Woerner American Law of Administration (Third Ed.)* 1794; 34 *C. J. S.* 409. But that question is between the administrator, other legatees and the creditors, a category in which Joseph Fortin is not included

and is *res inter alios* in this action. *Manson* v. *Peaks*, 103 Me., 430, 432, 69 A., 690, 125 Am. St. Rep., 311.

No more tenable is the claim of the defendant that he is not liable on the note he gave the plaintiff, Leon Fortin, because no consideration passed to him from the payee. He was indebted to his mother's estate and he discharged that obligation in part by giving his note to the plaintiff. That discharge was a sufficient consideration for his new undertaking.

There being plenary evidence in this case upon which the decision below can rest, the exception finally perfected is without merit and cannot be sustained.

*Exception overruled.*