# Culbert v. Calderon

*Albert S. Fein*, for plaintiffs.
*William J. Gallagher*, for defendant.

STIVELY, *J.*, August 12, 1980—This matter comes before the court on plaintiffs' motion to reconsider molding the verdict and on defendant's post-trial motions for a new trial and judgment n.o.v. and motion to reconsider molding the verdict.

The facts are as follows. On February 16, 1977 an automobile accident occurred at the intersection of Route 202 and Brinton's Bridge Road, Birmingham Township, Chester County, Pa., between vehicles operated by plaintiff Donald F. Culbert and defendant Daniel S. Calderon. As a result of the collision, plaintiff's wife, Edna M. Culbert, a passenger in the Culbert automobile, was killed and Mr. Culbert sustained serious bodily injury. Suit was filed against defendant in three counts alleging causes of action in wrongful death and survival on behalf of the survivors and beneficiaries of Edna M. Culbert and a separate individual count on behalf of plaintiff Donald F. Culbert. Mr. Culbert was joined by defendant Daniel S. Calderon as an additional defendant. Trial was held on February 5, 1979 before the undersigned and a jury. The jury returned a verdict in the form of answers to six specific questions, finding both defendants causally negligent, Mr. Calderon being 55 percent negligent and Mr. Culbert 45 percent negligent. Further, damages awarded on the wrongful death action totaled $30,000 and in the individual action by Donald F. Culbert, the damages awarded totaled $30,000. A verdict of zero damages was returned on the survival action.

The court then molded the verdicts so that in count I in wrongful death, judgment was entered in

favor of plaintiff and against defendant Daniel S. Calderon, only, in the amount of $16,500; count II in survival, judgment was entered in favor of defendant and against plaintiff, and in count III, judgment was entered in favor of plaintiff Donald F. Culbert, as an individual and against defendant Daniel S. Calderon, in the amount of $16,500.

I. The court in the wrongful death action pursuant to the comparative negligence act, 42 Pa.C.S.A. §7102, properly reduced recovery by plaintiffs by the percent of causal negligence attributed to plaintiff husband.

Prior to the adoption of the comparative negligence act, any party in interest who negligently contributed to the death of a decedent was totally barred from recovery on his own behalf.

In Minkin v. Minkin, 336 Pa. 49, 54, 55, 7 A. 2d 461, 464 (1939), the court, per Justice Linn, held,

"If it be shown, as the statement of claim avers, that the cause of the father's death was the defendant-mother's negligence, she, in her own right, can take nothing in the suit; but the fact that she has disabled herself from sharing, will not deprive the other beneficiary—the minor—of the benefit of his statutory right to recover."

That is to say, if the personal representative is also a beneficiary and said individual was negligent, he/she may not share in the suit proceeds but this negligence will not deprive other beneficiaries from the benefit of their statutory right to recover.

This proposition was upheld and expanded upon in Greene v. Basti, 391 F. 2d 892 (3d Cir. 1968), where Judge Van Dusen applied applicable Pennsylvania law to an automobile accident case wherein plaintiff brought causes of action in

wrongful death and survival, plaintiff being the negligent driver of the automobile in which decedent, a passenger, was killed. In Greene, at 894, the court in applying Pennsylvania law, held that:

". . . As a statutory right, a Wrongful Death Action gives a potential recovery to the decedent's dependents as against a tortfeasor causing the death. The recovery belongs directly to applicable members of the statutory class notwithstanding the fact that the action is brought for them by the decedent's personal representative. Funk v. Buckley & Co., 158 Pa. Super. 586, 45 A. 2d 918 (1946). Legal infirmities of those who sue for wrongful death such as contributory negligence or a release are valid defenses against them, e.g., Burns v. Goldbert, 210 F. 2d 646 (3d Cir. 1954); Schetter v. United States, 136 F. Supp. 931 (W.D. Pa. 1956)."

In the instant case plaintiff is both the personal representative of his decedent wife's estate and beneficiary. As such, any defense of contributory negligence may be raised against him.

In Stafford v. Roadway Transit Co., 70 F. Supp. 555, 564 (W.D. Pa. 1947), the court reasoned that the amount a negligent beneficiary "would have received . . . is deducted from the amount recoverable by the dependents as a group; the rest being distributed among the survivors as though the negligent beneficiary did not exist."

This proposition was again followed by the court in Haddigan v. Harkins, 304 F. Supp. 173 (E.D. Pa. 1969), and, citing both Minkin and Stafford, the court held that it was proper for the jury to reduce the wrongful death award in the event plaintiff was found to be negligent.

Issue then arises as to the effect the comparative negligence act has upon a plaintiff's contributory

negligence. It is necessary to first recognize the fact that the comparative negligence act of 1976 did not change the law of contributory negligence but rather changed the effect of plaintiff's contributory negligence upon recovery. The act provides not that contributory negligence of the plaintiff will be a bar to recovery, but rather will only reduce plaintiff's recovery proportionately: 2 Feldman, Pennsylvania Trial Guide § 33.9. In applying the applicable afore-cited propositions, plaintiff as a beneficiary was deemed 45 percent contributorily negligent and therefore it was proper to mold the verdict in accordance with the percentage of plaintiff's negligence.

II. Plaintiffs also argue that decedent's three children are entitled to recover under the wrongful death action along with plaintiff-husband. This argument is without merit.

Pa.R.C.P. 2202(a) states that an "action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death."

A wrongful death action, as per 42 Pa.C.S.A. § 8301(b), exists only for the benefit of the spouse, children or parents of the deceased and the damages recovered are "distributed to the [beneficiaries] in the proportion they would take the personal estate of the decedent in the case of intestacy. . . ." Thus the sum recovered under the death action is not part of the decedent's estate but is rather to be *distributed* under the intestate law of the Commonwealth.

Not only must the beneficiary be statutorily determined as having the right to recovery, but he must also show that, by reason of the wrongful death, he or she has suffered the loss of a reasonable

504

expectation of pecuniary advantage: Gaydos v. Domabyl, 301 Pa. 523, 152 Atl. 549 (1930). In Gaydos, at 530, the court stated that:

"Pecuniary loss has been defined to be a destruction of a reasonable expectation of pecuniary advantage from the deceased. It is not a matter of guess or conjecture, but must be grounded on reasonably continuous past acts or conduct of the deceased. [citing cases]. The reasonable expectation of pecuniary advantage to one standing in the family relation may be shown in many ways, but more frequently through services, food, clothing, education, entertainment and gifts bestowed; to be reasonable, the services and gifts must have been rendered with a frequency that begets an anticipation of their continuance; occasional gifts and services are not sufficient on which to ground a pecuniary loss. . . ." See also Frazier v. Oil Chemical Co., Inc., 407 Pa. 78, 179 A. 2d 202 (1962); Lewis v. Hunluck's Creek and Muhlenberg Turnpike Co., 203 Pa. 511, 53 Atl. 349 (1902).

In the instant case, it is apparent from the testimony that decedent's children had no reasonable expectation of pecuniary gain. There is no evidence substantiating the fact that gifts and services were frequently anticipated by the children and given by decedent, but rather, all three children are well beyond maturity, all are married, living in different states, are economically independent, there is a severance of direct family relations and any gifts or services which, if rendered, were done so on a random occasional basis. Therefore, decedent's adult children have not established any dependence on the decedent or specific pecuniary loss and thus are not entitled to share in the distribution of the proceeds in the wrongful death action.

Plaintiff's husband, therefore, even though he is the personal representative, is the sole beneficiary of the wrongful death action and since he was deemed to be 45 percent causally negligent, the $30,000 verdict as to the wrongful death must be proportionately reduced to $16,500. Plaintiff's motion for reconsideration of molding of the verdict is denied.

III. The verdict in the wrongful death action must be reduced by the $5,000 survivor's loss pursuant to the Pennsylvania No-fault Motor Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq.

Primarily it is necessary to establish the basic premise that this court is in accord with the dictum set forth in Heffner v. Allstate Insurance Co., 265 Pa. Superior Ct. 181, 184, 401 A. 2d 1160 (1979), which states that the Pennsylvania No-fault Motor Vehicle Insurance Act is full of "paths, pitfalls, underbrush and dead ends." We further find no reported case law directly on point, and as such, are forced to rely upon secondary sources interpreting the act.

Defendant contends that the court should subtract $5,000 from the $16,500 wrongful death award on the basis of the Pa. No-fault Insurance Act, 40 P.S. § 1009.202(d) (survivor's loss) and § 1009.103 (definitions).

Plaintiff agrees that in an ordinary action, the $5,000 survivor's loss benefits, as established by the No-fault Act, are properly deductible from a wrongful death award. However, in the instant case, plaintiff contends that since the $5,000 was never paid by his insurance company the amount should not be subtracted from the award. We find no merit to plaintiff's argument.

In Shrager, Pa. No-fault Motor Vehicle Ins. Act

§2:5.5, Mr. Shrager explains that one who suffers loss greater than the amount compensated by the limits set by the act, may sue any negligent third party for the *uncompensated* amounts. The amounts paid by the no-fault benefits may be compared to deductibles, and thus it is reasonable for this court to conclude that the compensated amounts must be deducted from the jury's award so as to prevent any windfall profit to plaintiff. If, as in the case at bar, said amount (here, being the $5,000 survivor's loss) is not compensated as per the requirements set forth by the act, plaintiff's cause of action is to sue the insurance company for benefits due and owing and not to recover from the negligent third party. The question of whether the $5,000 was paid by Travelers Insurance Company is not relevant to the question of whether the amount should be deducted from the wrongful death award and is not at issue before this court.

In the unreported Adams County case of Burgard v. Brown, No. 43, October Term, 1976, which was tried before the Honorable John A. MacPhail, P.J., and a jury, with a cause of action in wrongful death and survival, the jury returned a verdict in the amount of $91,000 in favor of plaintiff and against defendant. Defendant Brown's counsel argued to the court that under the Pennsylvania No-fault Act, 40 P.S. § 1009.301(a)(4), 1009.202(d), and 1009.103, the verdict should be molded and reduced by the $5,000 survivor's loss benefit. No objection to this molding was raised by plaintiff's counsel. The court, then stated:

It appearing to the court that the citations by counsel for defendant Brown are correct and there being no objection by counsel for plaintiff, it is ordered that the verdict handed up by the jury be

molded to read a total figure of $86,000 rather than $91,000, the total as it presently appears.

With that modification, it will be ordered that the verdict be recorded. (Transcript of proceedings 10/25/77.)

Therefore, for the foregoing reasons, this court reconsiders its verdict of $16,500 in the wrongful death action and now subtracts therefrom the $5,000 survivor's loss benefits, the total award to plaintiff in said action to be $11,500.

IV. The court properly allowed David Bunin, an actuary, to testify to the value of services based upon statistical studies.

Defendant contends that the court erred in allowing an actuary to testify as to the statistical value of the victim's services rather than limiting damages to testimony of "expenses reasonably incurred."

"In a wrongful death action the damages include the present value of the services the victim would have rendered to his family had he lived, as well as his funeral expenses." Heffner v. Allstate Insurance Company, 265 Pa. Superior Ct. 181, 190, 401 A. 2d 1160, 1164 (1979). (The present value of the victim's services is recoverable under section 301(a)(4), 202(d), and 103 of the No-fault Act: Heffner at 1164.)

In interpreting the aforecited sections of the No-fault Act, this court finds that section 301 abolishes tort liability except for that arising under (a)(4), i.e., a tortfeasor remains liable for any loss which is not compensated because of limitations set forth in section 202. Section 202(d) establishes a $5,000 limit for survivor's loss and section 103 defines survivor's loss as:

"(A) [L]oss of income of a deceased victim which

would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and (B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury." (B) is the applicable section in the instant case.

Testimony by an expert concerning the reasonable value of household services has been held in this Commonwealth to be admissible testimony, the weight of the testimony to be determined by the jury.

The present value of services decedent would have rendered must also be reduced by the probable cost of decedent's maintenance during her life expectancy: Haddigan v. Harkins, supra. In Haddigan, as in the case at bar, defendants contended that the expert testimony of an employment agency proprietor as to the economic value of services rendered by decedent was improperly admitted. The court, in following Fed.R.C.P. 43(a), held, at 441 F. 2d 851, 852, that:

"Expert opinion evidence as to monetary value of lost services in a wrongful death action has been approved in the federal courts. . . . Preferably admission of such testimony should be followed by a charge that the expert's opinion is only advisory and that the jury should make its own determination of the economic value of decedent's lost services."

This court recognizes the fact that Haddigan is based upon Federal law but the same procedure concerning expert testimony in a wrongful death action was followed in Hall v. Bigusiak, 10 Crawford 114 (1970). In Hall, as in the instant case, plaintiff's husband testified as to the normal wifely services and farm chores performed by decedent wife. An expert from the Pennsylvania Employment Service testified as to the average hourly wage paid in 1964 to common laborers in the various fields. In the charge, the trial judge instructed the jury that the figures given by the expert are not binding but merely an indication of the value of services which the jury should weigh in its deliberations. In supporting its ruling, the court, en banc, held that the expert testimony, together with the appropriate jury instructions as to its use, was properly admissible.

In the instant case, the testimony of decedent's husband established that, at the time of the fatal accident, decedent was a 69 year old woman and was in good health. Decedent wife took care of the home on a daily basis and cooked most of the meals. David Bunin, an actuary, was qualified as an expert and then proceeded to give his opinion of the value of decedent's services. Through the use of charts and graphs, Mr. Bunin established the average life expectancy of a 69 year old woman; determined the value of services, based upon minimum wage and the minimum number of hours per week devoted to household services; determined the deduction to be made for decedent's personal maintenance; and also advised the jury that the calculations do not include pain, suffering and loss of companionship.

The trial judge properly admitted the evidence,

and gave the jury the proper cautionary instructions. Therefore the motion for new trial on the basis of Mr. Bunin's testimony and defendant's motion to reconsider molding of the verdict based upon the issue that no expenses were reasonably incurred is denied.

V. The court properly refused to give defendant's points for charge Numbers 1, 5 and 13.

Defendant contends error based upon the court's refusal to charge the jury on defendant's points for charge numbers 1 and 13 and in point number 5, defendant contends error in the court's deletion of the word "utmost." We find no merit to defendant's contentions and hold that the trial judge properly omitted the aforecited points. Therefore defendant's motion for new trial and motion for judgment n.o.v. on the basis of the denial of defendant's points for charge are denied.

Based on the foregoing we enter the following

## ORDER

And now, August 12, 1980, after trial and upon consideration it is hereby ordered that:

1. Plaintiff's motion for reconsideration of diminution of the verdict as to count I in wrongful death is denied.

2. Defendant Daniel S. Calderon's motions for new trials and judgment n.o.v. are denied.

3. Defendant Daniel S. Calderon's motion to reconsider molding of the wrongful death verdict is granted. This court finds that the verdict of $16,500 must be reduced by the $5,000 survivor's loss benefits for a total award to plaintiff in count I in wrongful death of $11,500.